[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13748
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-20137-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDOLPH ALVIN,
a.k.a. The President of Liberty Square,
a.k.a. Project Stacks,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 18, 2020)

Before GRANT, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Randolph Alvin appeals his 188-month sentence, imposed after he pleaded guilty to conspiracy to possess with intent to distribute a controlled substance: a violation of 21 U.S.C. § 846.  No reversible error has been shown; we affirm.

On appeal, Alvin contends that the district court applied incorrectly two sentencing enhancements and, thus, erred in calculating his advisory guidelines range.  First, Alvin challenges the district court's finding that the charged conspiracy began before 26 January 2016: a finding that resulted in Alvin's 25 January 2006 drug conviction qualifying as a prior felony for purposes of a career offender enhancement under U.S.S.G. § 4B1.1.  Next, Alvin argues that the district court erred in finding that Alvin was subject to a four-level enhancement -- under U.S.S.G. § 3B1.1(a) -- as the leader of a drug conspiracy that involved at least five participants and was otherwise extensive.[1]

After applying the challenged sentencing enhancements, the district court determined that Alvin's total offense level was 31.  Given Alvin's criminal history

---

[1] Alvin raises no challenge to the district court's application of a 2-level enhancement -- pursuant to U.S.S.G. § 2D1.1(b)(1) --for possessing a firearm.

category of VI, the district court calculated Alvin's guideline range as between 188 and 235 months.  The district court then imposed a sentence of 188 months' imprisonment.

At sentencing, the district court also said explicitly that -- even absent application of the career-offender and aggravating-role enhancements -- the court would have imposed the same 188-month sentence as a reasonable post-Booker[2] sentence under the 18 U.S.C. § 3553(a) factors.[3]

---

[2] United States v. Booker, 543 U.S. 220 (2005).

[3] On appeal, Alvin contends that the district court endorsed improperly two different and incompatible sentences under the section 3553(a) factors.  We disagree.  After the district court ruled that Alvin was subject to an aggravated-role enhancement, the district judge said these words:

> I'll make one other point, and I'll leave it to the Government to remind me at the time of sentencing, that in the event that the Court's determination on this enhancement is appealed, that I would nonetheless impose or consider imposing an upward variance based on the nature of the criminal activity as a reasonable sentence post-Booker.  So I want to make sure that the record reflects that there is both a guideline sentence and a post-Booker reasonable sentence, so that the Appellate Court has the benefit of knowing what the Court's sentencing determination would be in the event that the Court made an error on this determination.

Later, after the district court calculated Alvin's advisory guideline range between 188 and 235 months (applying both the aggravated-role and career-offender enhancements) and imposed a low-end guidelines sentence of 188 months, the district judge made this pronouncement:

> Mentioned earlier in these proceedings, that having ruled on the objections in the -- to the PSI -- that I would also impose a sentence in the alternative, as a post-Booker sentence, with the 188 months being a reasonable sentence, in the event any of the objections are appealed and the Court [is] determined to have made an incorrect calculation of 188 months under the guidelines or as a reasonable sentence.

"We review the district court's interpretation of the Sentencing Guidelines de novo and accept its factual findings unless clearly erroneous." United States v. Barner, 572 F.3d 1239, 1247 (11th Cir. 2009).

Where -- as in this case -- the district court says that it would have imposed the same sentence independent of the disputed guideline calculation, we need not resolve the guideline issue if the sentence imposed is substantively reasonable. See United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). In determining the reasonableness of the sentence, "we must assume that there was guidelines error -- that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly -- and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." Id.

In this case, had the district court decided both challenged sentencing enhancement issues in Alvin's favor, Alvin's advisory guidelines range would have been 57 to 71 months,[4] subject to a statutory mandatory 60-month minimum

---

Contrary to Alvin's characterization, we read these two statements as showing the same principles of thought and as reflecting that the district court imposed, at the time of sentencing, a single post-Booker sentence of 188 months.

[4] This assumed advisory guidelines range is based on a revised total offense level of 23: the combination of a base offense level of 24, a 2-level enhancement for possession of a firearm under section 2D1.1(b)(1), and a 3-level reduction for acceptance of responsibility. With a non-career-offender criminal history category of III, this calculation results in a guidelines range of 57 to 71 months. See U.S.S.G. Sentencing Table, Ch. 5, Pt. A.

sentence under 21 U.S.C. § 841(b)(1)(B)(iii).  Thus, we must determine whether the sentence imposed was reasonable, "assuming exactly the same conduct and other factors in the case," but with a guidelines range of 60 to 71 months, instead of 188 to 235 months.[5]  See Keene, 470 F.3d at 1350.

We evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007).  In reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the purposes of sentencing stated in section 3553(a). United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

The purposes of sentencing include promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public from further crimes.  18 U.S.C. § 3553(a)(2).  A sentencing court should also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Guidelines range, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a)(1), (3)-(7).

---

[5] On appeal, Alvin never contends that his sentence is substantively unreasonable in the light of the section 3553(a) factors.  Alvin's reasonableness argument is limited to his portraying the district judge's words as self-contradictory and as endorsing two conflicting -- and, thus, unreasonable -- post-Booker sentences.

5

When a sentence is above the guidelines range, we "may consider the deviation, 'but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008). "We may vacate a sentence because of the variance only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Given the totality of the circumstances and the section 3553(a) factors, Alvin's sentence of 188 months is reasonable. At the sentencing hearing, the district court discussed Alvin's criminal history, which began at the age of 10 and which included 15 prior convictions and 7 other arrests. Five of Alvin's convictions were for drug offenses, three were for resisting arrest, and one conviction involved the unlawful carrying of a concealed firearm.

As a result of the firearm offense and two of the drug offenses, Alvin in the past was sentenced to 366 days' imprisonment. The remaining convictions

6

resulted in no sentence or sentences of merely one to three days' time served. After reviewing Alvin's criminal history, the district judge remarked that Alvin had "little, if any, respect for the law and that a term of imprisonment is necessary and justified in order to deter him from continued criminal conduct."

In keeping with Alvin's pattern of criminal activity, the undisputed facts in this case show that Alvin participated actively -- for over two and a half years -- in a high-volume drug distribution conspiracy in which Alvin used local neighborhood stores for the storage and sale of narcotics.

In the light of Alvin's criminal history and the circumstances of this offense, the district court determined reasonably that a sentence of 188 months was necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to provide adequate deterrence, and to protect the public.  We have affirmed as reasonable significant upward variances in cases that involve extensive ongoing criminal activity or a lengthy criminal record or both – like this case.  See Shaw, 560 F.3d at 1239-41 (affirming as reasonable a 120-month sentence -- an upward variance over 3 times the applicable guideline range of 30 to 37 months -- based chiefly on the defendant's criminal history and recidivism); United States v. Lozano, 490 F.3d 1317, 1324-25 (11th Cir. 2007) (applying the Keene analysis and concluding that a sentence of 72 months (an upward variance from the advisory guidelines range of 21 to 27 months) was

7

reasonable given defendants' involvement for over 5 years in an extensive and elaborate counterfeiting scheme).  That the sentence imposed in this case is well below the statutory maximum sentence of 40 years also supports our conclusion on reasonableness.  See Gonzalez, 550 F.3d at 1324.

AFFIRMED.